1  Diana Torres, State Bar No. 162284
   Dale Cendali, *admitted pro hac vice*
2  Johanna Schmitt, *admitted pro hac vice*
   Kirkland & Ellis LLP
3  333 South Hope Street
   Los Angeles, California 90071
4  Telephone: (213) 680-8400
   Facsimile: (213) 680-8500
5
   Attorneys for Defendant
6  Hill's Pet Nutrition, Inc.

7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10 NATURAL BALANCE PET FOODS, INC., ) CASE NO. 12-CV-09237-MWF-Ex
   a California corporation,          )
11                                    ) **DEFENDANT HILL'S PET**
              Plaintiff,              ) **NUTRITION, INC.'S ANSWER**
12                                    ) **TO PLAINTIFF NATURAL**
        vs.                           ) **BALANCE PET FOODS, INC.'S**
13                                    ) **COMPLAINT FOR**
   HILL'S PET NUTRITION, INC., a      ) **TRADEMARK INFRINGEMENT**
14 Delaware corporation,              ) **AND UNFAIR COMPETITION**
                                      )
15            Defendant.              ) Complaint Filed: October 26, 2012
                                      )
16                                    )
                                      )
17

Defendant Hill's Pet Nutrition, Inc. ("Defendant") hereby answers the Complaint of Natural Balance Pet Foods, Inc. ("Plaintiff") as follows:

## SUMMARY OF CLAIMS

1. Defendant admits that Plaintiff sells and markets pet food products under the NATURAL BALANCE brand in the United States; but Defendant lacks knowledge or information sufficient to form a belief as to the allegations about Plaintiff's sales and therefore denies the same. Defendant admits that Plaintiff has brought an action for trademark infringement and unfair competition against Defendant. Except as expressly admitted, Defendant denies the allegations set forth in Paragraph 1 of the Complaint. Defendant further states that Plaintiff improperly

2. seeks to monopolize a common word used in the U.S. pet food market (i.e., "balance"), and to prevent its competitors from using this word even when they use it with distinguishing words, typeface, and graphics. Defendant denies that its IDEAL BALANCE pet food is "confusingly similar" to Plaintiff's NATURAL BALANCE pet food, which is evident from a side-by-side comparison of the packaging:

Plaintiff's NATURAL BALANCE           Defendant's IDEAL BALANCE




3. Defendant states that the allegations set forth are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is

1  required, Defendant denies the same, except Defendant admits that Plaintiff seeks
2  injunctive relief, damages, disgorgement of profits, attorney's fees and costs, and
3  punitive damages.

## JURISDICTION AND VENUE

5      4.     Defendant states that the allegations set forth are conclusions of law as to
6  which no responsive pleading is necessary, but that to the extent any response is
7  required, Defendant admits that this Court has subject-matter and supplemental
8  jurisdiction over Defendant's claims.

9      5.     Defendant states that the allegations set forth are conclusions of law as to
10 which no responsive pleading is necessary, but that to the extent any response is
11 required, Defendant admits that its products are offered for sale in Los Angeles and
12 that this Court has personal jurisdiction over Defendant, but denies that any of its
13 products are infringing.

14     6.     Defendant states that the allegations set forth are conclusions of law as to
15 which no responsive pleading is necessary, but that to the extent any response is
16 required, Defendant admits that venue is proper in this District, but denies that
17 Plaintiff's claims are valid or that Plaintiff suffered any damages as a result of
18 Defendant's actions.

## FACTUAL BACKGROUND

20     7.     Defendant admits that Plaintiff markets and sells pet food under the
21 NATURAL BALANCE brand in the United States. However, Defendant further
22 states that Plaintiff uses Dick Van Patten's name in conjunction with NATURAL
23 BALANCE and many of its registered trademarks also incorporate the words DICK
24 VAN PATTEN, which further differentiates its brand and products from Hill's
25 IDEAL BALANCE brand and products. Defendant also admits that Plaintiff is listed
26 as the owner of record in the United States Patent & Trademark Office database of the
27 federal trademark registration No. 2452855 and federal trademark registration No.
28 1628529, which was cancelled in 1997. Except as expressly admitted, Defendant

1  lacks knowledge or information sufficient to form a belief as to the remaining
2  allegations set forth in Paragraph 6 of the Complaint and therefore denies the same.

3      8.    Defendant admits that it is a Delaware corporation, headquartered in
4  Topeka, Kansas, which makes and sells pet food products.  Defendant also admits that
5  it is owned by Colgate-Palmolive Company, a corporation traded on the New York
6  Stock Exchange.  Defendant also admits that, on August 30, 2012, it filed an
7  application with the United States Patent & Trademark Office to register the mark
8  IDEAL BALANCE for use in connection with pet food.  Except as expressly
9  admitted, Defendant denies the allegations set forth in Paragraph 7 of the Complaint.

10      9.    Defendant admits that Plaintiff sells and markets pet food products under
11  the NATURAL BALANCE brand in the United States.  Defendant also admits that
12  Joey Herrick is listed as Plaintiff's President on its website.  Defendant also admits
13  that Dick Van Patten's name is used in conjunction with Plaintiff's NATURAL
14  BALANCE brand, and is incorporated in many of its trademarks (e.g., DICK VAN
15  PATTEN'S NATURAL BALANCE).  Defendant lacks knowledge or information
16  sufficient to form a belief as to the allegations about Plaintiff's founding as set forth in
17  Paragraph 8 of the Complaint and therefore denies the same.  Except as expressly
18  admitted, Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

19      10.    Defendant admits that Plaintiff's NATURAL BALANCE pet food
20  products are sold in the United States, but Defendant lacks knowledge or information
21  sufficient to form a belief as to number of retail locations in which Defendant's
22  products are sold and therefore denies the same.  Except as expressly admitted,
23  Defendant denies the allegations set forth in Paragraph 9 of the Complaint.

24      11.    Defendant lacks knowledge or information sufficient to form a belief as
25  to the allegations set forth in Paragraph 10 of the Complaint and therefore denies the
26  same.   Defendant further states that "balance" is a descriptive word that is commonly
27  used in the pet food market.
28

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 11 of the Complaint and therefore denies the same.

13. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 12 of the Complaint and therefore denies the same, except Defendant admits that Plaintiff is listed as the owner of record in the United States Patent & Trademark Office database of the federal trademark registration No. 2452855 and federal trademark registration No. 1628529, which was cancelled in 1997.

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 13 of the Complaint and therefore denies the same, except Defendant admits that Plaintiff is listed as the owner of record in the United States Patent & Trademark Office database of federal trademark registrations or pending applications for the marks listed in Paragraph 13.

15. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 14 of the Complaint and therefore denies the same, except Defendant admits that Plaintiff is listed as the owner of record in the United States Patent & Trademark database of several federal trademark registrations.

16. Defendant admits that, according to Euromonitor International, a third-party provider of market research services, the U.S. pet food industry was approximately USD 19 billion in 2011. Defendant admits that NATURAL BALANCE is a brand of pet food in the United States. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 15 of the Complaint about Plaintiff's recognition and therefore denies the same. Except as expressly admitted, Defendant denies the allegations set forth in Paragraph 15.

17. Defendant asserts that "the super premium category of the dog and cat pet food space," as alleged by Plaintiff, is vague and ambiguous. Defendant lacks sufficient information as to whether the term, as alleged by Plaintiff, conveys a single

precise meaning within the industry, and on that basis, denies the same. Defendant admits that it has used terms including "super premium" and "natural" to refer to dog or cat pet food, including IDEAL BALANCE pet food. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 16 of the Complaint regarding when Plaintiff entered the market or what category of pet food space Plaintiff's brand "focuses" on, and therefore denies the same. Except as admitted, Defendant denies the remaining allegations set forth in Paragraph 16.

18. Defendant expressly denies the allegation in Paragraph 17 that Defendant "hope[s] to capitalize on" Plaintiff's brand. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 17 of the Complaint and therefore denies the same.

19. Defendant admits that Plaintiff has engaged in certain promotional and marketing activities in the United States, including print advertising and at the Rose Bowl parade. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 18 of the Complaint and therefore denies the same.

20. Defendant admits that Plaintiff had a float in the Rose Bowl parade with a surfing bulldog. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 19 of the Complaint and therefore denies the same.

21. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 20 of the Complaint and therefore denies the same.

22. Defendant admits that Plaintiff has used a bulldog in connection with its marketing efforts. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 21 of the Complaint and therefore denies the same.

23. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 22 of the Complaint and therefore denies the same.

24. Defendant denies the allegations in Paragraph 23 of the Complaint.

25. Defendant admits that Colgate-Palmolive is its parent, and that Colgate-Palmolive makes public statements and disclosures periodically, which statements and disclosures speak for themselves. Further, Defendant lacks knowledge or information sufficient to form a belief as to the allegations about statements attributed to Colgate-Palmolive and financial analysts (and is aware of no such statements or reports), and therefore denies the same. Except as expressly admitted, Defendant denies the allegations in Paragraph 24 of the Complaint.

26. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

27. Defendant admits that, on February 1, 2011, it filed an application with the U.S. Patent and Trademark Office to register the mark SCIENCE DIET IDEAL BALANCE in connection with "pet food" on an intent-to-use basis. Defendant further states that, on April 6, 2011, the U.S. Patent and Trademark Office issued an office action, instructing Defendant to "disclaim the descriptive wording 'DIET' and 'BALANCE' apart from the mark as shown because it merely describes characteristics of the goods"; and Defendant disclaimed those words. Defendant admits that on August 27, 2012, the U.S. Patent and Trademark Office issued an office action, refusing the registration on the basis that the specimen indicated that it is comprised of two separate marks (i.e., SCIENCE DIET and IDEAL BALANCE). Defendant further states that the U.S. Patent and Trademark Office did not cite any marks as likely to cause confusion with SCIENCE DIET IDEAL BALANCE, including any of Plaintiff's marks. Defendant admits that, on August 30, 2012, it filed a use-based application with the U.S. Patent and Trademark Office to register the mark IDEAL BALANCE in connection with "pet food," and that such application is

currently pending.  Except as expressly admitted, Defendant denies the allegations set forth in Paragraph 26.

28. Defendant admits that it started selling IDEAL BALANCE pet food in the United States in 2011.  With regard to the timing of its U.S. Patent and Trademark Office filings, Defendant refers Plaintiff to its response to Paragraph 26 above.  Defendant also admits that its IDEAL BALANCE pet food is offered for sale in specialty pet stores that also sell Plaintiff's NATURAL BALANCE products, such as Petco.  However, Defendant states that its IDEAL BALANCE pet food is sold in stores that do not sell Plaintiff's NATURAL BALANCE pet food, such as PetSmart.  Except as expressly admitted, Defendant denies the allegations set forth in Paragraph 26.

29. Defendant denies that it designed its labels for IDEAL BALANCE to mislead consumers or associate its products with Plaintiff's products.  Defendant further states that its IDEAL BALANCE packaging looks very different from Plaintiff's NATURAL BALANCE packaging.  Defendant admits that, on its IDEAL BALANCE product packaging, the word BALANCE appears in all capital letters and in larger typeface than the words "Hill's" and "Science Diet."  Except as expressly admitted, Defendant denies the allegations set forth in Paragraph 28.

30. Defendant denies that it "mimics," or that it has attempted to mimic, Plaintiff's marketing.  Defendant admits that it has used the tagline "The Formula For a Better Life" in connection with its SCIENCE DIET line of pet food products.  Defendant admits that, upon information and belief, the tagline "The Food for a Lifetime" currently appears on Plaintiff's website.  Except as expressly admitted, Defendant denies the allegations in Paragraph 29 of the Complaint.

31. Defendant denies that its use of the terms "natural" or "balance" creates associations with Plaintiff's NATURAL BALANCE brand as, among other things, numerous third parties use these terms in connection with pet food.  Defendant admits that its website states: "choose natural ingredients in perfect balance;" "Ideal Balance

provides dog owners a natural food choice while still delivering the right balance of nutrients;" and "Ideal Balance is formulated in precise amounts to provide the exact balance dog's need, nothing more nothing less, and it's a great option for owners who are looking for food with wholesome, natural ingredients."  Except as so admitted, Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

32. Defendant denies that it has "engineered confusion among consumers" on the Internet or otherwise.  Defendant admits that Exhibit 1 to the Complaint appears to consist of print outs of partial Internet search engine results for the descriptive search terms "balance dog food," "balance cat food" and "balance pet food."  Defendant further states that the Internet search engine results in Exhibit 1 include listings for many third party pet foods, including BALANCE DIET, BALANCE IT, BENEFUL, DOG CHOW, BLUE BUFFALO, NUTRO, FANCY FEAST, FRISKIES, as well as links to articles, including articles about a recall of Plaintiff's pet food and a PetMD article entitled "What's in a Balanced Pet Food?"  Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 31 of the Complaint.

33. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

34. Defendant admits that prior to choosing the IDEAL BALANCE brand name, Defendant was aware of Plaintiff's NATURAL BALANCE brand.  Except as so admitted, Defendant denies the allegations set forth in Paragraph 33 of the Complaint, including, without limitation, that IDEAL BALANCE is confusingly similar to NATURAL BALANCE.

35. Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

36. Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

1   37.   Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

## CAUSES OF ACTION

### First Cause of Action

### (Trademark Infringement, 15 U.S.C. § 1114)

38.   Defendant repeats and realleges each and every response to Paragraphs 1 through 36 above as if fully set forth herein.

39.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 38, and therefore denies the same.

40.   Defendant states that the allegations set forth in Paragraph 39 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the same.

41.   Defendant states that the allegations set forth in Paragraph 40 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the same.

42.   Defendant states that the allegations set forth in Paragraph 41 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the same.

43.   Defendant states that the allegations set forth in Paragraph 42 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the same.

44.   Defendant states that the allegations set forth in Paragraph 43 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the same.

### Second Cause of Action

### (Trademark Infringement, 15 U.S.C. § 1125(a))

45.   Defendant repeats and realleges each and every response to Paragraphs 1 through 43 above as if fully set forth herein.

1  46. Defendant states that the allegations set forth in Paragraph 45 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the same.

47. Defendant states that the allegations set forth in Paragraph 46 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the same.

48. Defendant states that the allegations set forth in Paragraph 47 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the same.

49. Defendant states that the allegations set forth in Paragraph 48 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the same.

### Third Cause of Action

### (Unfair Business Practices, 15 U.S.C. § 1125(a))

50. Defendant repeats and realleges each and every response to Paragraphs 1 through 48 above as if fully set forth herein.

51. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 50, and therefore denies the same.

52. Defendant states that the allegations set forth in Paragraph 51 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the same.

53. Defendant states that the allegations set forth in Paragraph 52 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the same.

54. Defendant states that the allegations set forth in Paragraph 53 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the same.

55. Defendant states that the allegations set forth in Paragraph 54 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the same.

### Fourth Cause of Action

### (Unfair Business Practices, Cal. Bus. & Prof. Code §§ 17200/17500)

56. Defendant repeats and realleges each and every response to Paragraphs 1 through 54 above as if fully set forth herein.

57. Defendant states that the allegations set forth in Paragraph 56 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the same.

58. Defendant states that the allegations set forth in Paragraph 57 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the same.

59. Defendant states that the allegations set forth in Paragraph 58 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the same.

60. Defendant states that the allegations set forth in Paragraph 59 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the same.

### Fifth Cause of Action

### (Common Law Unfair Competition)

61. Defendant repeats and realleges each and every response to Paragraphs 1 through 59 above as if fully set forth herein.

62. Defendant states that the allegations set forth in Paragraph 61 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the same.

63. Defendant states that the allegations set forth in Paragraph 62 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the same.

64. Defendant states that the allegations set forth in Paragraph 63 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the same.

65. Defendant states that the allegations set forth in Paragraph 64 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the same.

66. Defendant states that the allegations set forth in Paragraph 65 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the same.

67. Defendant states that the allegations set forth in Paragraph 66 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, Defendant denies the same.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

68. Plaintiff's claims fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

69. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### THIRD DEFENSE

70. Defendant's actions were innocent and non-willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that this Court enter judgment against Plaintiff on its Claims as follows:

A. Denying all relief sought by Plaintiff;

B. Dismissing the Claims with prejudice;

C. Awarding Defendant its costs and reasonable attorneys' fees incurred in connection with the Claims pursuant to 15 U.S.C. 1117(a); and

D. Awarding all such other relief as the Court may deem just and proper.

DATED:  December 21, 2012          KIRKLAND & ELLIS LLP

/s/ Diana Torres
Diana Torres
Dale Cendali
Johanna Schmitt

Attorneys for Defendant
Hill's Pet Nutrition, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which sent notification of such filing to the following: J. Noah Hagey and Matthew Borden.

I also certify that on December 21, 2012, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

**By United States Postal Service**

Jonas Noah Hagey, Esquire
Email: hagey@braunhagey.com
Matthew Borden, Esquire
Email: borden@braunhagey.com
BraunHagey & Borden LLP
220 Sansome Street, Second Floor
San Francisco, CA 94104

      /s/ La Tonya Fountain
        La Tonya Fountain